UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MANUEL NORIEGA,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN YATES,<br><br>        Respondent. | No. CV 10-3132-DMG(CW)<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

    Pro se Petitioner is a prisoner in the custody of the State of California.  Although Petitioner presumably intends to challenge the legality of that custody in a habeas corpus action in federal court, he did not open the present action by filing a petition for writ of habeas corpus or application for habeas corpus relief. See Woodford v. Garceau, 538 U.S. 202, 207-08, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003)(just as civil actions in general begin with the filing of a complaint, a habeas action begins with the filing of an application for habeas corpus relief); see also Fed. R. Civ. P. Rule 3 (civil action commenced by filing complaint) and Rule 81(a)(4)(rules of civil procedure may apply in habeas actions);

1

1 Rules Governing Section 2254 Cases in the United States District
2 Courts, 28 U.S.C. foll. § 2254, Rule 11 (same), Rule 1 (scope of
3 habeas rules), and Rule 2 (required form for habeas petitions);
4 Local Civil Rules, Central District of California, Rule 83-16
5 (petition for writ of habeas corpus shall be filed on court forms).
6     Instead, Petitioner filed a motion for appointment of counsel
7 (docket no. 1, filed April 27, 2010).  This motion could not be
8 construed as an application for habeas corpus relief because it did
9 not use the proper form or comply with requirements for a federal
10 habeas petition.  Furthermore, it was clear from the motion that,
11 at the time of filing, Petitioner had not exhausted state court
12 remedies on all claims on which he sought relief, and that he had a
13 pending state petition.  On the other hand, it was not clear
14 whether Petitioner had fully exhausted state court remedies on any
15 claims, or whether the present action was timely.
16     Finding that it could not appoint counsel to explore whether
17 or not Petitioner might be entitled to file a federal habeas
18 petition, the court issued a minute order denying the motion for
19 appointment of counsel, directing that the clerk send Petitioner a
20 copy of the court's *pro se* habeas corpus packet, granting
21 Petitioner until September 2, 2010, in which to file a proper
22 habeas petition in this court, and advising him that, if he failed
23 to do so his action would be subject to summary dismissal.  [Docket
24 no. 7, filed August 3, 2010.]  Petitioner has not done so, and has
25 not requested an extension of time in which to do so.
26     Thus, Petitioner has not complied with the rules for opening a
27 habeas corpus action in federal district court, nor is this action
28 otherwise cognizable.

It is, therefore **ORDERED** as follows:

1. This action is **DISMISSED** without prejudice to the later filing of a habeas petition as a new action in the proper court.

2. Judgment shall be entered accordingly.

3. The clerk shall serve this Order and the Judgment herein on Petitioner at his address of record.

DATED: November 24, 2010

_____
DOLLY M. GEE
United States District Judge

Presented by:

Dated: October 25, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

3